# Matter of Efrain LUJAN-QUINTANA, Respondent

File A090 528 705 - Florence, Arizona

*Decided July 20, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Board of Immigration Appeals lacks jurisdiction to review an appeal by the Department of Homeland Security of an Immigration Judge's decision to vacate an expedited removal order after a claimed status review hearing pursuant to 8 C.F.R. § 1235.3(b)(5)(iv) (2009), at which the Immigration Judge determined the respondent to be a United States citizen.

FOR RESPONDENT: Margarita Silva, Esquire, Phoenix, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Arnold Eslava-Grünwaldt, Deputy Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated November 13, 2008, an Immigration Judge found that the respondent is a United States citizen and vacated his expedited removal order. The Department of Homeland Security ("DHS") has appealed from that decision. The respondent has filed a brief in opposition to the appeal. As we conclude that we lack jurisdiction over this matter, the record will be returned to the Immigration Court.

## I. FACTUAL AND PROCEDURAL HISTORY

In July 2008, the respondent was ordered removed by an immigration officer in expedited removal proceedings under section 235(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(1) (2006). The respondent made a claim of United States citizenship, and the removal order was referred to an Immigration Judge for review, as required by 8 C.F.R. § 1235.3(b)(5)(iv) (2008). The Immigration Judge concluded that the respondent met his burden of establishing United States citizenship and accordingly vacated the expedited removal order.

## II.  ANALYSIS

The issue in this case is whether we have appellate jurisdiction to consider the DHS's appeal.  Our analysis of this jurisdictional question is guided by the statutory and regulatory framework governing expedited removal proceedings.  Section 235(b)(1)(A)(i) of the Act authorizes an immigration officer to order certain aliens "removed from the United Sates without further hearing or review."  Unlike removal proceedings under section 240 of the Act, 8 U.S.C. § 1229a (2006), expedited removal proceedings enable the Department of Homeland Security to remove an alien without a hearing before an Immigration Judge.  *American Immigration  Lawyers Ass'n v. Reno*, 199 F.3d 1352, 1354 (D.C. Cir. 2000) ("Before IIRIRA, if immigration officials could not verify an alien's admissibility at secondary inspection, the alien was entitled to defend his eligibility at an exclusion hearing before an immigration judge.").

In an expedited removal hearing, if an immigration officer determines that the alien is inadmissible under section 212(a)(6)(C) or section 212(a)(7) of the Act, 8 U.S.C. §§ 1182(a)(6)(C), (7) (2006), the alien will be ordered removed without further hearing or review, unless the alien expresses an intention to apply for asylum, a fear of persecution, or a claim to lawful status or United States citizenship.  Section 235(b)(1)(A) of the Act; 8 C.F.R. §§ 1235.3(b)(4), (5).  In this case, the respondent claimed United States citizenship.  In accordance with 8 C.F.R. § 1235.3(b)(5)(i), the immigration officer issued an expedited removal order but referred the matter to an Immigration Judge for review of the citizenship claim in a claimed status review hearing.  *See* 8 C.F.R. § 1235.3(b)(5)(iv) (providing for a claimed status review hearing, at which an Immigration Judge reviews an expedited removal order issued by an immigration officer and determines the validity of a person's claim to be a lawful permanent resident, refugee, asylee, or United States citizen).

Administrative review in the context of expedited removal proceedings is circumscribed by statute and regulations.  Section 235(b)(1)(C) of the Act; 8 C.F.R. §§ 1235.3(b)(2)(ii), (5)(iv), (7).  If an expedited removal order is referred to an Immigration Judge for review and the Immigration Judge affirms the expedited removal order, "[t]here is no appeal from the decision of the immigration judge."  8 C.F.R. § 1235.3(b)(5)(iv).[1]  If the Immigration Judge

---

[1] Section 242 of the Act, 8 U.S.C. § 1252 (2006), provides for judicial review of orders of removal generally.  Section 242(e) of the Act provides for judicial review of orders of removal under section 235(b)(1), which is the expedited removal provision. Notably, section 242(e)(2) provides for review of the following issues in habeas corpus proceedings:

(A) whether the petitioner is an alien;

(continued...)

vacates the expedited removal order and terminates proceedings, the DHS "may initiate removal proceedings against such an alien, but not against a person determined to be a U.S. citizen, in proceedings under section 240 of the Act." *Id.*

The Board's appellate jurisdiction is set forth in 8 C.F.R. § 1003.1(b) (2009). No regulatory provision gives the Board jurisdiction to review an Immigration Judge's decision to vacate an expedited removal order in a claimed status review proceeding. The Board has jurisdiction of, inter alia, "[d]ecisions of Immigration Judges in removal proceedings, as provided in 8 C.F.R. part 1240." 8 C.F.R. § 1003.1(b)(3). The regulations under 8 C.F.R. part 1240 pertain to removal proceedings pursuant to section 240 of the Act. 8 C.F.R. § 1240.1(a)(1) (2009). The respondent is subject to an expedited removal proceeding under section 235 of the Act, not a removal proceeding under section 240 of the Act. Accordingly, the decision appealed by the DHS does not fall within the scope of the Board's jurisdiction as set forth in 8 C.F.R. § 1003.1(b).

The DHS argues that the omission in 8 C.F.R. § 1235.3(b)(5)(iv) of an explicit bar to a DHS appeal of an Immigration Judge's vacatur of an expedited removal order indicates that the Board has jurisdiction to hear such an appeal. We disagree. The absence of an explicit bar to such an appeal in 8 C.F.R. § 1235.3(b)(5)(iv) does not create jurisdiction or indicate an intent for the Board to have such jurisdiction. The regulation provides an alternative avenue for consideration of removal for the DHS in the event an Immigration Judge vacates an expedited removal order. The DHS can initiate removal proceedings under section 240 of the Act. The fact that this option is not available when there has been a determination of United States citizenship does not by itself create appellate jurisdiction where such jurisdiction is not explicitly granted to the Board.

The DHS acknowledges the regulatory gap that leaves no appellate review of a citizenship determination. It argues that we should nevertheless take jurisdiction because "absent further review, a criminal alien determined by [an Immigration Judge] in error to be a United States citizen under these proceedings—and who indisputably has no authorization to be admitted to this

---

(...continued)

        (B) whether the petitioner was ordered removed under such section, and

        (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 207, or has been granted asylum under section 208, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 235(b)(1)(C).

country—is free to reside in American society, without regard to the true nature of his status."

As discussed above, without an explicit grant of appellate jurisdiction in an otherwise carefully constructed regulatory and statutory process, we cannot assume appellate jurisdiction. Moreover, the DHS's hypothetical regarding a criminal alien does not persuade us that we should assert jurisdiction in the absence of such an explicit grant. First, the criminal grounds of inadmissibility are not grounds that can be invoked in an expedited removal proceeding, which is limited to aliens who are inadmissible under sections 212(a)(6)(C) and (7) of the Act. While an alien may also be inadmissible on grounds related to criminal conduct, it is clear that the expedited removal process was not designed for the adjudication of contested issues of removability such as criminal charges. Second, the DHS has inherent flexibility, in the exercise of prosecutorial discretion, to pursue removal of an alien in either expedited removal proceedings or proceedings under section 240 of the Act. The DHS is aware of the regulatory scheme governing further administrative review of claims in expedited removal proceedings, and we are not persuaded by its assertion that this scheme should be ignored. Finally, it is less than likely that a person found by an Immigration Judge to be a citizen of the United States would "indisputably" have no authorization to remain in the United States, even though the DHS may disagree with the Immigration Judge's decision in a close case. Furthermore, where it is apparent that citizenship is to be a contested issue, the DHS has the prosecutorial discretion to stop the expedited removal process and initiate removal proceedings under section 240 of the Act.

The limits on our appellate jurisdiction and on the ability of the DHS to commence section 240 removal proceedings are regulatory in nature. Just as we are bound by those regulations, so too may those regulations be amended if the Attorney General, acting in concert with the Secretary of Homeland Security, so determines.

We conclude by noting that an important purpose behind expedited removal proceedings is to ensure that appropriate cases are, in fact, expedited. This means deciding cases involving minimal or no controversy promptly and without multiple layers of administrative and judicial review. There is, for example, no further administrative review of an Immigration Judge's determination that an arriving alien has or lacks a credible fear of persecution. 8 C.F.R. §§ 1208.30(g)(2)(iv)(A), (B) (2009). We would be acting ultra vires if we assumed jurisdiction in such a case, just as we would if we assumed jurisdiction here.

**ORDER:** The record is returned to the Immigration Court without further action.